**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-81395-RAR**

**PAUL E. SENAT**,

      Movant,

v.

**UNITED STATES OF AMERICA**,

      Respondent.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation [ECF No. 33] ("Report"), filed on January 11, 2023. The Report recommends that the Court deny Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 6] and that no certificate of appealability should issue. *See* Report at 11–12. Movant timely filed objections to the Report, [ECF No. 36] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Reinhart's legal and factual findings to which Plaintiff objected. Upon careful review of the Movant's Objections and the record, the Court agrees with Magistrate Judge Reinhart's recommendation.

Movant advanced three[1] ineffective assistance of counsel claims in his § 2255 motion: (1) "[t]rial counsel did not fully explain the Sentencing Guidelines," (2) "[t]rial counsel did not

---

[1] Movant's Amended Motion originally contained four claims, but Movant's counsel confirmed at the evidentiary hearing that she would only be pursuing three of the four claims. *See* Evidentiary Hr'g Tr. [ECF No. 37] at 3–4.

adequately explain the elements of the crimes charged," and (3) "[t]rial counsel pushed Senat to trial when it was not in Mr. Senat's best interests and gave inadequate notice and time with respect to the plea offers."  Report at 5 (internal quotation omitted).  Under the familiar two-part test set forth in *Strickland v. Washington*, Movant has the burden to prove that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense."  466 U.S. 668, 687 (1984).

The dispositive issue in this case, as both Movant and Judge Reinhart recognized, is whether Movant's trial counsel sufficiently discussed the Government's plea offers with Movant and whether he adequately informed Movant about the costs and benefits of going to trial in lieu of pleading guilty.  *See* Report at 9–10; Objections at 4–5.  When an attorney allegedly misadvises his or her client about a pending plea offer, "a defendant must show a reasonable probability that but for counsel's ineffectiveness: . . . [(1)] 'the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances'; (2) 'the court would have accepted its terms'; and (3) 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).

After hearing the testimony of Movant and Movant's trial counsel, Judge Reinhart credited defense counsel's testimony that he "reviewed the plea offers with his client," "laid out the specific Guidelines calculations," "reviewed the elements of the offenses with [Movant]," and that he did not try to force Movant to reject a plea offer because he "stood to earn a $25,000 trial fee."  Report at 10–11.  Conversely, Judge Reinhart found Movant's testimony not to be credible, found that Movant "would not have accepted a plea offer without more certainty about the amount of jail time he was facing," and expressly rejected Movant's testimony that "he would have accepted a

5–6 year plea." *Id.* at 10.  Magistrate Judge Reinhart's credibility determinations are dispositive, and the Court sees no reason to second-guess them.  *See United States v. Cofield*, 272 F.3d 1303, 1305–06 (11th Cir. 2001) (quoting *United States v. Raddatz*, 447 U.S. 667, 675–76, 681 n.7 (1980)).

On this record, then, the Court agrees with Judge Reinhart's conclusion that Movant's trial counsel fully informed Movant about the Sentencing Guidelines, the elements of the offenses Movant was charged with, and the plea offers tendered by the Government.  Insofar as Movant's counsel did err, Judge Reinhart properly concluded that Movant was not prejudiced since Movant failed to show a reasonable probability that he would have accepted any of the Government's plea offers even if he was properly advised.  *See Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015) (holding that counsel's "erroneous calculation of Rosin's potential prison sentence" did not prejudice the defendant since there was no evidence the defendant "would have accepted a guilty plea"); *Carmichael v. United States*, 966 F.3d 1250, 1261 (11th Cir. 2020) ("The record evidence strongly indicates that, even if his counsel had presented Carmichael with a plea offer and explained his sentencing exposure, he still would have chosen to take his chances at trial."). Movant's legal objections do not meaningfully challenge the key credibility findings which underpin Judge Reinhart's Report.

For the foregoing reasons, the Court also agrees with Judge Reinhart that a certificate of appealability is not warranted since "reasonable jurists would [not] find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      The Report [ECF No. 33] is **AFFIRMED AND ADOPTED**.

2.      Petitioner's Amended Motion to Vacate [ECF No. 6] is **DENIED**.

3.      Any request for a certificate of appealability is **DENIED**.

4.      All pending motions are **DENIED as moot**.

5.      The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of March, 2023.

 

 

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**